UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ritchie Engineering Company, Inc.,
a Minnesota Corporation,

      Plaintiff,

  v.

Delta T. Corp., a Kentucky Corporation,
d/b/a Big Ass Fan Co.,

      Defendant.

Delta T Corporation, a Kentucky Corporation,

      Plaintiff,

  v.

Ritchie Engineering Company, Inc.,
a Minnesota Corporation,

      Defendant.

Civil No. 11-1513 ADM/JJG

**MEMORANDUM OPINION AND ORDER**

Civil No. 11-3405 ADM/JJG

_____

Kevin P. Hickey, Esq., Jonathan C. Marquet, Esq., Nicole Delaney, Esq., Bassford Remele, PA, Minneapolis, MN, and Andrew D. Dorisio, Esq., and Trevor T. Graves, Esq., King & Schickli PLLC, Lexington, KY, on behalf of Delta T Corporation.

Edwin E. Voigt, II, Esq., Richard A. Arrett, Esq., and Martha J. Engel, Esq., Vidas Arrett & Steinkraus, PA, Eden Prairie, MN, on behalf of Ritchie Engineering Company, Inc.
_____

## I.  INTRODUCTION

On February 17, 2012, the undersigned United States District Judge heard oral argument

1

on Ritchie Engineering Company, Inc.'s ("Ritchie") Motion to Dismiss Counts III and IV, or in the Alternative for Partial Summary Judgment [Delta T Docket No. 18][1] and on Delta T Corporation's ("Delta T") Motion to Dismiss [Ritchie Docket No. 23]. For the reasons set forth below, Ritchie's motion is granted, and Delta T's motion is granted in part and denied in part.

## II.  BACKGROUND

Ritchie is a Minnesota corporation with its principal place of business in Bloomington, Minnesota. Compl. [Delta T Docket No. 1] ("Delta T Compl.") ¶ 3; Am. Compl. [Ritchie Docket No. 3] ("Ritchie Am. Compl.") ¶ 1. Ritchie is the owner of U.S. Trademark Registration No. 1,997,963 (the "'963 Registration") for the mark YELLOW JACKET. Delta T Compl. ¶ 11; Ritchie Am. Compl. ¶ 15. The '963 Registration was issued on September 3, 1996. Delta T Compl. ¶ 11; Ritchie Am. Compl. ¶ 15. Ritchie's YELLOW JACKET mark is registered for several classes of goods, specifically: International Class 8, which covers certain hand tools, International Class 9, which covers refrigeration system testing equipment, and International Class 17, which covers non-metallic refrigerant hoses. Delta T Compl. ¶ 10; Ritchie Am. Compl. ¶ 16.

Delta T is a Kentucky corporation with its principal place of business in Lexington,

---

[1] The present motions concern two related cases, in which the parties are inverted. In one case, Civil No. 11-1513, Ritchie is the Plaintiff and Delta T is the Defendant. In the other case, Civil No. 11-3405, Delta T is the Plaintiff and Ritchie is the Defendant. Accordingly, references to the docket in Civil No. 11-1513 will be to the "Ritchie Docket" because Ritchie is the Plaintiff. Similarly, references to the docket in Civil No. 11-3405 will be to the "Delta T Docket" because Delta T is the Plaintiff.

Kentucky.  Delta T Compl. ¶ 2; Ritchie Am. Compl. ¶¶ 2–3.  Delta T designs and manufactures high-volume/low-speed ceiling and vertical fans.  Delta T. Compl. ¶ 7.  Delta T is the owner of U.S. Trademark Registration No. 3,897,574 (the "'574 Registration") for the mark YELLOW JACKET, issued in 2010.  Delta T Compl. ¶ 8; Ritchie Am. Compl. ¶¶ 59–62.  Delta T's YELLOW JACKET mark is used to identify electric fans in International Class 11.  Delta T Compl. ¶ 8; Ritchie Am. Compl. ¶¶ 59–60.

Under federal trademark law, the registration of a mark remains in force for ten years.  15 U.S.C. § 1058(a).  Before six years pass, however, a registrant must file an affidavit (referred to by the parties as, and commonly known as, a "§ 8 affidavit") showing the mark is still in use.  See 15 U.S.C. § 1058(a)(1).  If certain statutory requirements are met, a registrant that has used a registered mark for five consecutive years may file an affidavit (referred to by the parties as, and commonly known as, a "§ 15 affidavit") within a year of the five-year period, and the mark will be granted incontestable status.  See 15 U.S.C. § 1065.

Ritchie's YELLOW JACKET mark was registered on September 3, 1996; therefore, Ritchie's § 8 affidavit was due on or before September 3, 2002.  On September 3, 2002, Ritchie attempted to transmit its § 8 and § 15 affidavits electronically to the U.S. Trademark Office.  See Ritchie Am. Compl. ¶ 20, Ex. C.  However, the Trademark Office's electronic filing system, known as TEAS, would not validate the transmission.  Id.  Ritchie communicated its transmission problems to the Trademark Office.  Ritchie Am. Compl. ¶ 21, Ex. C.  The Trademark Office acknowledged it was experiencing technical difficulties and opened ticket

3

number 477886.  <u>See</u> Ritchie Am. Compl. ¶ 23, Ex. C.  The following day, September 4, 2002, Ritchie was able to successfully transmit its § 8 and § 15 affidavits electronically to the Trademark Office.  Ritchie Am. Compl. ¶ 24, Ex. C.  The Trademark Office then accepted the transmission and accorded it a filing date of September 3, 2002.  Ritchie Am. Compl. ¶ 26, Ex. C.

Ritchie's § 8 affidavit was required to include a specimen of current use.  15 U.S.C. § 1058(b)(1)(C).  Rather than include unique specimens, however, Ritchie's included a specimen called "YELLOW JACKET 3PAK REFRIGERATION CHARGING HOSE."  Ritchie Am. Compl. Ex. 7.  Ritchie's § 8 and § 15 affidavits were accepted by the Trademark Office.  Ritchie Am. Compl. Ex. 6.

On June 9, 2011, Ritchie brought suit in this Court against Delta T, alleging trademark infringement, false designation under § 43(a) of the Lanham Act, and unfair competition, and later amended its Complaint to include a claim for cancellation of Delta T's registration.  On June 29, 2011, Delta T brought suit against Ritchie in the U.S. District Court for the Eastern District of Kentucky, seeking a declaratory judgment that it did not infringe Ritchie's YELLOW JACKET mark either under federal statutes or the common law and to cancel Ritchie's registration.  On November 18, 2011, Delta T's action was transferred here to federal court in Minnesota.  On December 2, 2011, Ritchie made a partial motion to dismiss, seeking to dismiss Counts III and IV of Delta T's Complaint.  On December 16, 2011, Delta T also made a partial motion to dismiss, seeking to dismiss Counts I and III of Ritchie's Complaint.

## III.  DISCUSSION

### A.  Standards of Review

The procedural posture of the present motions requires that Ritchie's motion be converted, in part, to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure ("FRCP").  Ritchie's motion seeks dismissal of Counts III and IV of Delta T's Complaint.  Delta T's motion seeks to dismiss Counts I and III of Ritchie's Amended Complaint.  Count IV of Delta T's Complaint and Count III of Ritchie's Amended Complaint do not share common issues, and the motions as they relate to those claims may be decided on the pleadings.  However, the gravamen of both motions as they relate to Count III of Delta T's Complaint and Count I of Ritchie's Amended Complaint is the timeliness of Ritchie's § 8 affidavit.  Initially, Ritchie's Complaint included few facts regarding the timeliness of its § 8 affidavit.  Ritchie then amended its Complaint to add facts regarding timeliness and attached exhibits regarding timeliness.  The state of the records in the two cases, therefore, is quite different.  Recognizing Delta T's less-developed Complaint, Ritchie made its motion in that case in the alternative as one for summary judgment.  Both parties having notice and a reasonable opportunity to present pertinent material, to avoid disparate results the Court will convert Ritchie's motion into one for summary judgment, and use all undisputed facts to resolve the relevant issues.  As such, the standards of review for both Rule 12 and Rule 56 of the FRCP are stated below.

In considering a motion to dismiss under Rule 12(b)(6), courts must accept the non-moving party's facts as true and construe the pleadings in the light most favorable to them.

Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994). Ambiguities concerning the sufficiency of claims must be resolved in the non-movant's favor as well. Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). A motion to dismiss should be granted only when "it appears beyond doubt that the [claimant] can not prove any set of facts in support of his claim that would entitle him to relief." Schaller Tel. Co. v. Golden Sky Sys., 298 F.3d 736, 740 (8th Cir. 2002).

Rule 56(a) provides that summary judgment shall be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). On a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party, however, may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. Cnty. of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

### B. Ritchie Owns Enforceable Trademark for YELLOW JACKET

Count I of Ritchie's Amended Complaint asserts a claim for trademark infringement. Delta T argues Ritchie cannot have a colorable claim for trademark infringement because the untimely filing of Ritchie's § 8 affidavit requires its registration for YELLOW JACKET to be canceled by the Court. Similarly, in Delta T's Complaint, Count III asserts a claim for cancellation of Ritchie's mark based on timeliness.

In an attempt to clear the registries of marks no longer in use, Congress has established deadlines for filing affidavits attesting to the continued use of a trademark.  See Torres v. Cantine Torresella S.r.l., 808 F.2d 46, 48 (Fed. Cir. 1986) (noting purpose of § 8 and § 9 of Lanham Act is to automatically remove marks no longer in use from registry) (quoting Morehouse Mfg. Corp. v. J. Strickland & Co., 407 F.2d 881, 887 (C.C.P.A. 1969)).  Relevant to this case, a registrant must file a § 8 affidavit within the year preceding the six-year anniversary of the registration of its mark.  15 U.S.C. § 1058(a)(1).  If an affidavit is not filed, the registration of the mark "shall be canceled by the [Under Secretary of Commerce for Intellectual Property and Director of the U.S. Patent and Trademark Office (the "Director")]."  15 U.S.C. § 1058(a).  Additionally, Congress has provided a grace period and surcharge for late filings.  15 U.S.C. § 1058(a)(3).

In actions involving the right to registration, courts have the power to order the Director to cancel a registration, in whole or in part.  15 U.S.C. § 1119.  A petition to cancel a registration of a mark, however, may not be brought after five years of the date of the registration unless the mark has become generic, has been abandoned, its registration was obtained fraudulently, or other circumstances not relevant here apply.  See 15 U.S.C. § 1064.

Ritchie is the owner of an enforceable mark because it has not abandoned its trademark. Abandonment is dispositive because Ritchie's YELLOW JACKET mark has achieved incontestable status and abandonment is the only exception to incontestability to which timeliness of a § 8 affidavit is relevant.  See 15 U.S.C. §§ 1064–65.  The parties have argued issues related to reinstatement, the statutory grace period, and provisional acceptance.  None are

applicable because the conditions precedents for those provisions have not been met. Reinstatement requires the mark to have actually been cancelled by the Director, Trademark Manual of Examining Procedure (8th ed.) § 1712.02, the statutory grace period requires a surcharge, 15 U.S.C. § 1058(a)(3), and provisional acceptance requires defective execution, 35 U.S.C. § 26.  None of those conditions precedent occurred here because the Trademark Office accepted the § 8 affidavit as timely filed.  Therefore, the starting point must be the statutory scheme itself.

The statutes at issue are parts of the larger federal statutory scheme regulating trademarks.  The construction of a statutory term "must, to the extent possible, ensure that the statutory scheme is coherent and consistent."  Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 222 (2008).  "The goal of statutory analysis . . . is to give effect to the Congressional intent behind the statute's enactment."  Estate of Farnam v. C.I.R., 583 F.3d 581, 584 (8th Cir. 2009).  Here, the Director is statutorily required to cancel a registration that is not timely renewed.  15 U.S.C. § 1058.  However, marks meeting certain requirements are incontestable.  15 U.S.C. § 1065. Incontestability, in turn, is limited by reference to the § 1064 grounds for cancellation.  Id. Section 1064 has been described as a "statute of limitations" for actions seeking cancellation of marks registered for more than five years.  Shakespeare Co. v. Silstar Corp. of Am., Inc., 9 F.3d 1091, 1096 (4th Cir. 1993).  On that basis, § 1064 has been held to limit the power of cancellation given to district courts by § 1119.  Id. at 1096–99.

The only way to construe this statutory scheme to be coherent and consistent is to hold that a party seeking to cancel an incontestable registered mark based on an untimely filing of a §

8 affidavit may do so only if the registration has been abandoned.  Delta T attempts to avoid this result by arguing that limiting the Court's ability to cancel registration to the grounds enumerated in § 1064 would render the requirement of a § 8 affidavit a nullity.  Delta T argues that because § 1064 limits the bases for cancellation five years after registration and a § 8 affidavit is to be filed six years after registration, a registrant could ignore the requirement of a § 8 affidavit with impunity—an absurd result.

However, upon close examination, the specter raised by Delta T is largely illusory because the universe of untimely § 8 affidavits and the universe of abandoned marks are substantially identical.  The congressional intent for providing the requirement of a § 8 affidavit, and providing for automatic cancellation without it, was unquestionably to remove abandoned marks from the register.  Torres, 808 F.2d at 48.  This intent was further demonstrated when Congress abandoned the prior rigid deadlines, and adopted the statutory grace period in 1998.  See Pub. L. 105–330, § 105.  Furthermore, abandonment is grounds for cancellation *at any time*.  15 U.S.C. § 1064.  A party knowing that the Director will automatically cancel a registration if no § 8 affidavit is filed has strong incentive to file the affidavit unless the mark has been abandoned.  Given the statutory scheme as a whole, and the grace period in particular, allowing registration to lapse would typically be conclusive evidence of abandonment.  This case, however, presents the exceptional circumstance of a mark that was clearly not abandoned but nonetheless may be the subject of an untimely § 8 affidavit because the Trademark Office took the unusual step of allowing renewal without chance to cure any timeliness problems, e.g. through the grace period or reinstatement.  Therefore, because Ritchie owns an enforceable

9

mark, summary judgment is granted in Ritchie's favor as to Count III of Delta T's Complaint, and Delta T's motion to dismiss Count I of Ritchie's Amended Complaint is denied.

### C. Ritchie's Registration Was Not Obtained Fraudulently

Unlike timeliness of the § 8 affidavit, fraud is an enumerated ground for cancellation at any time. See 15 U.S.C. § 1064 ("A petition to cancel a registration of a mark . . . may . . . be filed . . . [a]t any time if . . . its registration was obtained fraudulently."). Count IV of Delta T's Complaint alleges fraud and Ritchie moves to dismiss the claim.

"Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representations of fact in connection with his application." In re Bose Corp., 580 F.3d 1240, 1243 (Fed. Cir. 2009) (quoting Torres, 808 F.3d at 48). Delta T avers Ritchie falsely claimed that the single specimen submitted with its § 8 and § 15 affidavits demonstrated use in International Classes 8, 9, and 17, when the specimen only demonstrates use in Class 17. Ritchie counters that the specimen shows use in all three classes, and cites the Examiner's annotations of the specimen to that effect.

A § 8 affidavit must be accompanied by "such number of specimens or facsimiles showing current use of the mark in commerce as may be required by the Director." 15 U.S.C. § 1058(b)(1)(C). The regulations promulgated by the Director provide that the affidavit must "[i]nclude a specimen showing current use of the mark for each class of goods or services." 37 C.F.R. § 2.161(g). The regulations further provide that the specimen must show "the mark as actually used on or in connection with the goods or in the sale or advertising of the services." 37 C.F.R. § 2.161(g)(1).

The specimen submitted by Ritchie is a "YELLOW JACKET 3PAK REFRIGERATION CHARGING HOSE."  Decl. of Scott Vidas in Supp. of Mot. to Dismiss [Delta T Docket No. 21] ("Vidas Decl.") Ex. 1 at 98.[2]  This specimen was submitted for all three classes.  Id. at 95–97.  The Examiner made several handwritten annotations to the specimen—each noting a particular class.  For example, the word "REFRIGERATION" in the phrase "REFRIGERATION CHARGING HOSE" was underlined and the Examiner wrote "Class 8."  Id. at 98.  The specimen also included a statement "the product in this package is just one of a line that includes genuine YELL[OW][3] JACKET hoses, plus manifolds, vacuum pumps and oil, charging cylinders, leak detectors, tubing tools and more."  Id.  The word "hoses" was underlined and the Examiner wrote "Class 17."  The word "manifolds" was underlined and the Examiner wrote "Class 9."  Id.  The words "leak detectors" and "tools" were also underlined.  Id.  In addition, the Examiner wrote "for hose only" and then struck-out that writing.  Id.

Delta T argues Ritchie made a false statement in representing that the specimens were "as attached to the goods" in the relevant classes.  Delta T Compl. ¶ 44.  If that statement is false, it is not material; while the specimen itself shows YELLOW JACKET used on a refrigeration charging hose, the specimen demonstrates use in connection with goods in other classes.  The specimen must only demonstrate the mark is actually used in connection with the

---

[2] The Court may consider the specimens in the Vidas Decl. without converting Ritchie's motion to one for summary judgment because they are necessarily embraced by Delta T's Complaint. See Ashanti v. City of Golden Valley, 666 F.3d 1148, 1150–51 (8th Cir. 2012).

[3] The reproduction of the specimen provided to the Court is hard to decipher and appears as only "YELL" due to smudging or an obstruction.  Nonetheless, it is clear an un-obstructed specimen would read "YELLOW."

goods in the relevant classes, here International Classes 8, 9, and 17.  37 C.F.R. § 2.161(g)(1).  The specimen's reference to a line of goods including refrigeration charging hoses, hoses, manifolds, leak detectors, tools, and more, indicates actual use in connection with goods in all three relevant classes.  Therefore, the alleged misrepresentation, if any, was not material.  The misrepresentation was material only if the line of goods did not actually exist or the mark YELLOW JACKET was not actually used for that line.  Delta T has made no such allegation, or proffered such an allegation, and therefore Ritchie's motion to dismiss is granted.

### D.  Ritchie's Claim for Unfair Competition is Redundant

Delta T seeks to dismiss Count III of Ritchie's Amended Complaint, alleging unfair competition, as duplicative.  Where a claim is simply redundant of another, dismissal is warranted.  See Sherman v. Rinchem Co., No. 10-CV-2062, 2011 WL 3471057, at *6 (D. Minn. Aug. 8, 2011) (dismissing intentional-interference claim as redundant of defamation claim) (citing Fed. R. Civ. P. 12(f)); see also Fed. R. Civ. P. 1.  Ritchie avers it has properly pled an unfair competition claim because trademark infringement is a subset of unfair competition, the facts supporting suit for both are substantially identical, and Ritchie has pleaded facts relating to trademark infringement.  This averment implicitly admits that Ritchie's unfair competition claim is wholly redundant of its trademark infringement claim.  Therefore, Count III of Ritchie's Amended Complaint is dismissed.

### E.  Attorney's Fees

Ritchie requests attorney's fees in connection with its motion.  Such an exceptional award is not warranted by the circumstances, and Ritchie's motion is denied in that respect.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that**:**

1.  Ritchie's Motion to Dismiss Counts III and IV, or in the Alternative for Partial Summary Judgment [Delta T Docket No. 18] is **GRANTED**, except as to attorney's fees;

2.  Counts III and IV of Delta T's Complaint [Delta T Docket No. 1] are **DISMISSED WITH PREJUDICE**;

3.  Delta T's Motion to Dismiss [Ritchie Docket No. 23] is **GRANTED IN PART** and **DENIED IN PART**;

4.  Count III of Ritchie's Amended Complaint [Ritchie Docket No. 3] is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 6, 2012.